# JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No. EDCV 13-00218 JGB (DTBx) Date: February 21, 2013

Title: ANDERSON PROPERTIES *-v-* LEONARDO DANTE, et al.

==============================================================

PRESENT: HONORABLE JESUS G. BERNAL, U.S. DISTRICT JUDGE

PROCEEDINGS: MINUTE ORDER (1) DENYING PLAINTIFF'S EX PARTE APPLICATION (DOC. NO. 5); AND (2) REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF COUNTY (IN CHAMBERS)

On February 13, 2013, Plaintiff Anderson Properties filed an Ex Parte Application for Remand. (Doc. No. 5.) The Court finds that Plaintiff has failed to establish that it would "be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; thus, seeking remand through an ex parte application is improper. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Thus, the Court independently assesses whether it has jurisdiction over this matter.

On October 9, 2012, Plaintiff filed a complaint for unlawful detainer

("Complaint") against Defendants Leonardo Dante, Helen Peroni, and Daniel Ochoa, and all unknown occupants in the Superior Court of California, County of Riverside. (Compl., attached to Not. of Removal (Doc. No. 1).) On February 1, 2013, Defendants Linette Ochoa and Daniel Ochoa removed the action on the basis of federal question jurisdiction, 28 U.S.C. §§ 1331. (See Not. of Removal at 1-3.)

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendants appear to allege federal question jurisdiction (28 U.S.C. § 1331) as a basis for removal. (See Not. of Removal at 2 (referencing "federal question", 6 (referencing federal statutes against mail fraud).) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction is apparent on the face of the complaint). Accordingly, Defendants have not established that the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

**Defendants have not met their burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California for the County of Riverside.**

Additionally, this is Defendants' third attempt to remove the same case without alleging a proper basis for this Court's jurisdiction. (See Notice of Removal, No. 12-cv-2226-UA; Notice of Removal. 13-cv-0054-UA.) Both of the prior actions were summarily remanded due to improper removal on the basis of the identical state law unlawful detainer action. Parties may not remove an action two or more times on

the same basis. Seedman v. U.S. Dist. Court for Cent. Dist. of Calif., 837 F.2d 413, 414 (9th Cir. 1988) (holding a district court lacked jurisdiction where a defendant's second removal petition was based on the same ground as the prior removal); Homestead Ins. Co., Inc. v. Casden, 234 No. 05-55060, 2007 WL 1296734 (9th Cir. May 2, 2007) (same). The Court cautions Defendants that if they remove the Superior Court action to this Court again without alleging a proper basis for jurisdiction, Defendants may be subject to sanctions. See, e.g., Quantum Servicing Corp. v. Castaneda, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (cautioning pro se defendant who removed an unlawful detainer action that "should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned."); SD Coastline v. Reyes, No. 10cv1824 LAB (AJB), 2010 WL 4009557, at *1 (Oct. 12, 2010) (cautioning pro se defendant who removed an unlawful detainer action two times that "[a]ny further removals in violation of [the order remanding the action] are punishable by sanctions.").

**IT IS SO ORDERED.**